GREGORY BARNETT, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 29427.
Intermediate Court of Appeals of Hawaii.
November 25, 2009.
On the briefs:
Gregory Barnett, Petitioner-Appellant Pro Se.
Richard K. Minatoya, Deputy Prosecuting Attorney, County of Maui for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Chief Judge, WATANABE, and FOLEY, JJ.
Petitioner-Appellant Gregory Barnett (Barnett) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying (1) Petitioner's Motion for Summary Judgment, and (2) Petition for Post-Conviction Relief" that was filed on October 9, 2008, in the Circuit Court of the Second Circuit (circuit court).[1]
In his underlying criminal case, Barnett pleaded guilty pursuant to a plea agreement to multiple counts of first-degree sexual assault, attempted first-degree sexual assault, third-degree sexual abuse, and promoting pornography for minors. He was sentenced to extended terms of life imprisonment, with the possibility of parole, for ten class A felonies and terms of five years of incarceration for six class C felonies, all terms to be served concurrently. An Amended Judgment was entered on December 16, 1994, and Barnett did not file a direct appeal.
On appeal in this post-conviction proceeding, Barnett claims that his extended term sentences are illegal because State v. Maugaotega, 115 Hawai`i 432, 168 P.3d 562 (2007), applies retroactively to his case on collateral review and because the version of the extended term statute under which he was sentenced, Hawaii Revised Statutes (HRS) § 706-662 (Supp. 1990), was void ab initio. Barnett also contends that the circuit court erred in concluding that 1) his claim that his extended term sentences were illegal was previously ruled upon or waived and 2) his plea agreement foreclosed him from raising this claim.
Upon careful review of the record, the briefs submitted by the parties, and relevant legal authorities, we hold as follows:
Barnett did not appeal the Amended Judgment and therefore his convictions became final in 1995. Maugaotega does not apply retroactively to Barnett's case on collateral review, and the version of HRS § 706-662 under which he was sentenced is not void ab initio. See State v. Jess, 117 Hawai`i 381, 184 P.3d 133 (2008); Loher v. State, 118 Hawai`i 522, 537-38, 193 P.3d 438, 453-54 (App. 2008); State v. Cutsinger, 118 Hawai`i 68, 79-82, 185 P.3d 816, 827-30 (2008). Accordingly, Barnett's extended term sentences are not illegal. In light of this determination, we need not address Barnett's other contentions.
We affirm the circuit court's October 9, 2008, Order Denying (1) Petitioner's Motion for Summary Judgment, and (2) Petition for Post-Conviction Relief.
NOTES
[1] The Honorable Joseph E. Cardoza presided.